```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

RONALD SCARLATO, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )     No.  08 C 546
                                   )
VILLAGE OF BELLWOOD, ILLINOIS,     )
et al.,                            )
                                   )
            Defendants.            )

<u>MEMORANDUM ORDER</u>

  This newly-filed action assigned to this Court's calendar is extraordinarily lengthy--its Complaint comprises nine counts occupying 102 paragraphs sprawling across 29 pages. All but two counts assert state law claims, with the only exceptions being Count I (which invokes 42 U.S.C. §1983[1]) and Count V (which purports to call into play Section 1985(3)). Although this Court is contemporaneously issuing its typical initial scheduling order, this memorandum order is issued sua sponte because this Court sees no warrant for the assertion of Count V.[2]

---

  [1] All further references to Title 42's provisions will simply take the form "Section--."

  [2] This action is being taken sua sponte because the rejection of the wholly superfluous Count V does not affect the substantive rights of either plaintiffs or defendants--the common practice of splintering a single claim (the federal concept) by setting out different theories of recovery as separate "counts" (the state law approach) does not track the provisions of Fed. R. Civ. P. 10(b) and adds nothing to the litigation (see <u>NAACP v. American Family Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992)). What survives after Count V is eliminated leaves this lawsuit substantively intact.

It has been settled law for over 35 years that Section 1985(3) has not enacted a general federal conspiracy law but rather requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" (<u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)). That reading carries out the original purposes of that post-Civil War legislation, and the caselaw since then has continued to impose that limitation (see, e.g., <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 267-74 (1993)). That language quoted from <u>Griffin</u> does not embrace the "class of one" allegations of the Complaint through which plaintiffs seek to invoke the Equal Protection Clause.

Accordingly Complaint Count V is stricken. No view is expressed or implied here as to the other aspects of the Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 28, 2008