## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RONALD SCARLATO, SCARLATO & SONS REALTY & DEVELOPMENT CORP., BELLWOOD PLACE, LLC, MADISON ST. PLACE, LLC and WASHINGTON COMMONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF BELLWOOD, ILLINOIS, FRANK A. PASQUALE, ROY MCCAMPBELL, ANTHONY BRUNO and ILLINOIS DEVELOPMENT SERVICES CORPORATION <br><br> Defendants. | No.   08-00546 <br><br> Honorable Milton I. Shadur |

### MOTION TO DISMISS

NOW COMES the Defendant, ROY McCAMPBELL, by and through his attorneys, MICHAEL P. LATZ of ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., and, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves for dismissal of Counts I, II and III of Plaintiffs' Complaint. In support thereof the Defendant states as follows:

1.  In this action, the Plaintiffs, Ronald Scarlato and several companies owned and managed by him (hereinafter collectively referred to as "Plaintiffs"), have filed a multi-count complaint against several Defendants, including Village of Bellwood Comptroller Roy McCampbell, alleging violations of substantive due process and equal protection under 42 U.S.C. § 1983 (Count I), and Illinois tort and contract law (Counts II through IV and VI through IX).

2.  On January 29, 2008, this Court, *sua sponte*, dismissed Count V, which was a civil conspiracy count under 42 U.S.C. § 1985, because there were no requisite race-based allegations.

1

3.	Only Counts I, II and III are directed toward Defendant Roy McCampbell. In Count I, Plaintiffs allege violations of their constitutional rights pursuant to Section 1983. In Count II, Plaintiffs allege that a claim for tortious interference with existing leases and, in Count III, Plaintiffs allege a claim for tortious interference with prospective business expectancy.

4.	Count I should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  In alleging harm to their constitutional property rights, Plaintiffs' claims effectively fall within the framework of a federal takings claim.  Said claim is not be ripe for review because Plaintiffs have not pursued their state law remedies first before seeking a remedy under § 1983. See Williamson Co. Regional Planning Comm'n v. Hampton Bk., 473 U.S. 172 (1985).

5.	Count I alternatively should be dismissed for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs have wholly failed to allege that they were treated differently than others similarly situated and, therefore, have failed to state a "class of one" equal protection claim.  In addition, Plaintiffs have alleged nothing more than selective enforcement of municipal ordinances, which is a claim that can and should be redressed under state law. See, e.g., Hilton v. City of Wheeling, 209 F. 3d 1005 (7th Cir. 2000).

6.	Count II should also be dismissed.  Count II is premised on injuries allegedly suffered as a result of the Defendants' failure or refusal to issue business licenses and, therefore, is barred under Sections 2-104 and 2-206 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-104, 2-206 (West 1998).

7. Furthermore, neither Count II nor III state a cause of action for tortious interference under Illinois law.

8. Finally, should this Court dismiss Plaintiffs' federal claims, it may alternatively relinquish jurisdiction over Counts II and III.

9. Co-Defendant Mayor Frank Pasquale filed a motion to dismiss raising legal grounds which apply to Roy McCampbell as well; in the interests of judicial economy, Defendant McCampbell requests leave to adopt the memoranda of law filed by Defendant Pasquale in support of this motion.

WHEREFORE, Defendant, ROY McCAMPBELL, prays that this Court dismiss with prejudice all of Plaintiff's claims against Roy McCampbell, and for any other relief this Court may deem just and proper.

Respectfully submitted,

By:   s:/ Michael P. Latz
     One of the Attorneys for Defendant

Michael P. Latz
ANCEL, GLINK, DIAMOND, BUSH,
    DiCIANNI & KRAFTHEFER, P.C.
140 South Dearborn, Suite 600
Chicago, Illinois 60603
(312) 782-7606; (312) 782-0943 (facsimile)
#6201519

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RONALD SCARLATO, SCARLATO & SONS REALTY & DEVELOPMENT CORP., BELLWOOD PLACE, LLC, MADISON ST. PLACE, LLC and WASHINGTON COMMONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF BELLWOOD, ILLINOIS, FRANK A. PASQUALE, ROY MCCAMPBELL, ANTHONY BRUNO and ILLINOIS DEVELOPMENT SERVICES CORPORATION <br><br> Defendants. | No.   08-00546 <br><br> Honorable Milton I. Shadur |

### DEFENDANT ROY McCAMPBELL'S MOTION FOR LEAVE TO ADOPT DEFENDANT PASQUALE'S MEMORANDA IN SUPPORT OF HIS MOTION TO DISMISS

The Plaintiffs, Ronald Scarlato and several companies owned and managed by him (hereinafter collectively referred to as "Plaintiffs"), have filed a multi-count complaint against several Defendants, including Village of Bellwood Comptroller Roy McCampbell, alleging violations of substantive due process and equal protection under 42 U.S.C. § 1983 (Count I), and Illinois tort and contract law (Counts II through IV and VI through IX).[1] Plaintiffs complain that Defendants allegedly breached certain agreements and interfered with certain economic opportunities for Plaintiffs to own and develop Tax Increment Financing ("TIF") property in the Village of Bellwood. Only Count I (Section 1983) and Counts II and III (state law tortious interference claims) are directed toward Defendant McCampbell.

---

[1] On January 29, 2008, this Court, *sua sponte*, dismissed Count V, which was a civil conspiracy count under 42 U.S.C. § 1985, because there were no requisite race-based allegations.

1

Defendants Pasquale and McCampbell have moved to dismiss Count I based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants Pasquale and McCampbell have also moved to dismiss Count I for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). Defendants Pasquale and McCampbell have moved to dismiss Counts II and III as well. The former claim is premised on injuries allegedly suffered as a result of the Defendants' failure or refusal to issue business licenses and, therefore, is barred under Sections 2-104 and 2-206 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-104, 2-206 (West 1998). Attorneys for Defendant Mayor Frank A. Pasquale filed a Motion To Dismiss And Memoranda In Support of his motion. The grounds for dismissal of the claims against Defendant Pasquale apply equally to Roy McCampbell as well. Therefore, Defendant McCampbell joins Defendant Pasquale in moving to dismiss Counts I, II and III, and adopts the grounds stated in the memoranda supporting Defendant Pasquale's Motion To Dismiss.

For the reasons stated in Defendant McCampbell's Motion To Dismiss And in Defendant Pasquale's Memoranda In Support Of His Motion To Dismiss, Defendant McCampbell requests that this Court dismiss Counts I, II and III and enter judgment in his favor.

Respectfully submitted,

By:   s:/ Michael P. Latz
        One of the Attorneys for Defendant

Michael P. Latz
ANCEL, GLINK, DIAMOND, BUSH,
    DiCIANNI & KRAFTHEFER, P.C.
140 South Dearborn, Suite 600
Chicago, Illinois 60603
(312) 782-7606; (312) 782-0943 (facsimile)
#6201519

2