UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SCARLATO, SCARLATO & SONS REALTY & DEVELOPMENT CORP., BELLWOOD PLACE, LLC, MADISON ST. PLACE, LLC and WASHINGTON COMMONS, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 00546 |
| v. | ) ) | Judge Milton I. Shadur |
| VILLAGE OF BELLWOOD, ILLINOIS, FRANK A. PASQUALE, ROY MCCAMPBELL, ANTHONY BRUNO and ILLINOIS DEVELOPMENT SERVICES CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT VILLAGE OF BELLWOOD'S MOTION TO DISMISS**

Defendant Village of Bellwood ("Village"), by and through its undersigned attorneys, and pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, hereby moves this Court to Dismiss Plaintiffs' Complaint against the Village. In support thereof, the Village states as follows:

1. Plaintiffs filed their nine count Complaint against the Village and individual Defendants alleging substantive due process and equal protection violations under 42 U.S.C. § 1983 and various State law tort and contract claims[1]. Plaintiffs claim that the Defendants breached certain agreements and interfered with certain economic opportunities for Plaintiffs to own and develop Tax Increment Financing ("TIF") property in Bellwood. The claims against the Village purportedly stem from the actions of the Village Mayor, Frank Pasquale, and Village Comptroller, Roy McCampbell.

---

[1] This Court, *sua sponte*, dismissed Count V of the Complaint, Plaintiffs' claim of civil conspiracy under 42 U.S.C. § 1985, for failure to plead race-based allegations as required.

2. The Village hereby adopts and incorporates the arguments raised in Defendant Pasquale's Motion to Dismiss, rather than raise identical arguments here. (*See* Defendant Pasquale's Motion to Dismiss, pp. 1-2). Instead, this Motion and the Village's Memorandum of Law in support of its Motion to Dismiss, filed herewith, shall concentrate on the Plaintiffs' *Monell* claims against the Village.

3. Any liability on behalf of the Village is based on the purported actions of the Village's Mayor and Comptroller. However, the Village cannot be held liable on a *respondeat superior* theory for employing a tortfeasor, rather, the Plaintiffs must allege that the execution of the Village's "official policy" itself results in a deprivation of a constitutionally protected right. *See Watson v. Village of Glenview*, No. 99 C 6811, 2000 WL 283977, * 2 (N.D. Ill. March 10, 2000) *citing Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978).

4. A municipality's policy may be deemed to violate an individual's civil rights if it is "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law'; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

5. However, in their Complaint Plaintiffs fail to sufficiently plead any *Monell* claim, fail to properly allege any policy or practice of the Village, and fail to sufficiently allege that either the Mayor or the Comptroller had final policymaking authority. For these reasons, Plaintiffs' *Monell* claims against the Village must be dismissed for their failure to state a cause of action.

6.　　　Because the Plaintiffs' federal claims against the Village fail, this Court no longer has subject matter jurisdiction over the action. Although the Court may elect to retain jurisdiction over the State law claims which remain, the Village respectfully asks this Court to decline to exercise supplemental jurisdiction over the State law claims made in Plaintiffs' Complaint. Therefore, the Village asks this Court to dismiss Plaintiffs' Complaint in its entirety against the Village of Bellwood.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in the Village's Memorandum of Law, filed herewith, the Village respectfully requests that this Court dismiss the Plaintiffs' Complaint against the Village of Bellwood, and for such further relief as this Court deems just and equitable.

Dated: June 23, 2008　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　　　**VILLAGE OF BELLWOOD**


　　　　　　　　　　　　　　　　　　　　　　　By:　s/ Silvia Mercado Masters
　　　　　　　　　　　　　　　　　　　　　　　　　One of its Attorneys

John J. Rock
James B. Novy
Silvia Mercado Masters
ROCK FUSCO, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60610
(312) 494-1000

## **CERTIFICATE OF SERVICE**

      I, Silvia Mercado Masters, one of the attorneys for the Village of Bellwood, hereby state that I caused a copy of the **Defendant Village of Bellwood's Motion to Dismiss**, attached hereto, to be served upon:

Gregory A. McCormick
Garfield & Merel, Ltd.
223 W. Jackson Blvd., Suite 1010
Chicago, Illinois 60606

Charles Hervas
Michael Bersani
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois  60143-3156

Michael Latz
Ancel, Glink, Diamond, Bush, Dicianni & Krafthefer, P.C
140 S. Dearborn Street, Sixth Floor
Chicago, Illinois 60603

Paul O'Grady
Daniel Gallagher
Querry & Harrow
175 West Jackson Boulevard, Suite 1600
Chicago, IL  60604-2827

via E-FILING on Monday, June 23, 2008.

                                                                         s/ Silvia Mercado Masters
                                                                          Silvia Mercado Masters