**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD SCARLATO, SCARLATO & SONS REALTY & DEVELOPMENT CORP., BELLWOOD PLACE, LLC, MADISON ST. PLACE, LLC and WASHINGTON COMMONS, LLC, | ) | |
| Plaintiffs, | ) | No. 08 C 00546 |
| v. | ) | Judge Milton I. Shadur |
| VILLAGE OF BELLWOOD, ILLINOIS, FRANK A. PASQUALE, ROY MCCAMPBELL, ANTHONY BRUNO and ILLINOIS DEVELOPMENT SERVICES CORPORATION, | ) | |
| Defendants. | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VILLAGE OF BELLWOOD'S MOTION TO DISMISS

Defendant Village of Bellwood ("Village"), by and through its undersigned attorneys, hereby submits its Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiffs filed their nine count Complaint against the Village and individual Defendants alleging substantive due process and equal protection violations under 42 U.S.C. § 1983 and various State law tort and contract claims[1]. Plaintiffs claim that the Defendants breached certain agreements and interfered with certain economic opportunities for Plaintiffs to own and develop Tax Increment Financing ("TIF") property in Bellwood. The claims against the Village purportedly stem from the

---

[1] This Court, *sua sponte*, dismissed Count V of the Complaint, Plaintiffs' claim of civil conspiracy under 42 U.S.C. § 1985, for failure to plead race-based allegations as required.

actions of the Village Mayor, Frank Pasquale, and Village Comptroller, Roy McCampbell.

The Village moves to dismiss Plaintiffs' Complaint based on their failure to state a proper claim under Federal law against the Village.

## BACKGROUND

The Village hereby adopts and incorporates by reference the Factual Allegations set forth by Defendant Frank Pasquale, in his Memorandum of Law in support of his motion to dismiss, rather than repeat the same set of facts.

## ARGUMENT

Rather than raise identical arguments here, the Village hereby incorporates and adopts by reference hereto the arguments made by Defendant Pasquale in his memorandum of law in support of his motion to dismiss. (*See* Def. Pasquale's Memorandum of Law in Support of Motion to Dismiss, at pp. 5 to15). The instant Motion shall concentrate on the Plaintiffs' *Monell* claim against the Village.

Pursuant to the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. (*See* Fed.R.Civ.P. Rule 12(b)(6) (West)). While a complaint does not need detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). Plaintiffs' complaint contains conclusions and conjecture, and falls woefully short.

### I. Plaintiffs' Allegations Are Insufficient to State a Monell Claim Against the Village.

Here, Plaintiffs seek to have the Village held liable for the alleged actions of Frank Pasquale

and Roy McCampbell, its Mayor and Comptroller, respectively. However, a "local government unit cannot be held liable under § 1983 on a respondeat superior theory for employing a tortfeasor." *Watson v. Village of Glenview*, No. 99 C 6811, 2000 WL 283977, * 2 (N.D.Ill. March 10, 2000) *citing Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978). Instead, a § 1983 action must rest on an allegation that the execution of the government body's "official policy" itself results in a deprivation of a constitutionally protected right. *See Id.*

First and foremost, there must be alleged a constitutional violation suffered by the Plaintiffs in order to begin the determination whether a municipality is liable under *Monell*. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986). As discussed in detail in Defendant Pasquale's Memorandum of Law, Plaintiffs' Complaint fails to sufficiently plead a constitutional violation or damages resulting therefrom. Therefore, no *Monell* claim can follow.

Assuming this Court finds that a constitutional violation has been sufficiently alleged, Plaintiffs fail to properly allege a *Monell* claim. A municipality's policy may be deemed to violate an individual's civil rights if it is "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law'; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Because Plaintiffs have failed to sufficiently allege or establish any policy or custom, or allege that either Pasquale or McCampbell had final policymaking authority, their attempt at a *Monell* claim against the Village fails.

**A Plaintiffs' Pleading is Insufficient As There Is No Plausible *Monell* Claim.**

Plaintiffs' *Monell* claim against the Village fails on the most basic pleading level. The Complaint contains the following allegation, which purportedly supports their claim:

> 48. In addition, the Village's campaign of daily harassment by Building Department and Fire Department officials constitutes a pattern and practice of orchestrated harassment motivated by malice and vindictiveness by Pasquale and McCampbell, who continue to direct such harassment and selective enforcement of Village Building and Fire Codes against Plaintiffs. (Complaint, p. 14).

Plaintiffs' conclusory statements are insufficient to state a claim upon which relief can be granted. The "facts pled must show that a *Monell* claim is 'plausable' (sic) and not merely 'speculative.'" *Mendez v. Village of Tinley Park*, 2008 WL 427791, * (N.D.Ill. February 14, 2008) *citing Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1970-74 (2007). In fact, a "plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." *Bell Atlantic*, 127 S.Ct. at 1964-5.

Here, Plaintiffs plead nothing more than mere conjecture as to the motivation for any perceived delay or for the regular enforcement of Village ordinances. That is simply not enough to state a claim against the Village, therefore Plaintiffs' § 1983 claim should be dismissed.

**B. Plaintiffs Fail to Sufficiently Establish a Policy or Practice.**

If one were to assume, arguendo, that Plaintiffs survive the first hurdle of sufficient pleading, Plaintiffs have failed to allege sufficient facts to establish that a policy or practice of the Village has violated their individual civil rights. First, Plaintiffs do not allege that there exists an express unconstitutional policy in the Village of Bellwood resulting in any constitutional injury to Plaintiffs.

This leaves another avenue to establish a *Monell* claim, and that is that "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *McTigue*, 60 F.3d at 382.

Clearly, Plaintiffs' allegations are insufficient to state a *Monell* claim for a policy or practice. Indeed, Plaintiffs merely state that the "Village's campaign of daily harassment ... constitutes a pattern and practice of orchestrated harassment.... (Complaint, ¶ 48). Plaintiffs fail to claim that this harassment is a widespread practice of constitutional deprivation, and in fact, state that the harassment is only against Plaintiffs. "For the Plaintiffs to establish a municipal policy or practice so settled as to constitute a 'custom or usage' with the force of law, the Plaintiffs must 'point to instances demonstrating a long-standing and widespread practice of constitutional deprivation either acquiesced to or noticed by municipal policymakers.'" *Magee v. City of Gary, Ind.*, No. 06 CV 00088, 2007 WL 4198278, *22 (N.D. Ill. November 20, 2007). Clearly no such allegations are made here. The mere allegation of a pattern of harassment is not enough to state a plausible claim that either an unconstitutional policy or practice existed, and that the policy or practice led to a constitutional violation.

**C. Plaintiffs Fail to Allege Final Policymaking Authority.**

The final means of establishing a *Monell* claim is to allege that the constitutional injury was caused by a person with final policymaking authority. "In order to have final policymaking authority, an official must possess '[r]esponsibility for making law or setting policy,' that is, 'authority to adopt rules for the conduct of government.'" *Rasche v. Village of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003) *citing Auriemma v. Rice*, 957 F.2d 397 (7th Cir. 1992). First and foremost, Plaintiffs do not allege that either Defendant Pasquale or McCampbell, as Mayor and Comptroller, respectively, have

final policymaking authority for the Village of Bellwood. Nor have the Plaintiffs made sufficient allegations that Defendants Pasquale or McCampbell had any responsibility for making law or setting policy in the Village of Bellwood. In fact, they do not. The Village of Bellwood's Board of Trustees is the legislative department of the village government. (*See* Village of Bellwood Code of Ordinances, § 30.01, attached here as Exhibit A). The Mayor and Comptroller are executive positions and cannot be considered to have final policymaking authority. Therefore, Plaintiffs' *Monell* claim, and thereby all federal claims, against the Village must be dismissed.

**II. <u>This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims</u>.**

The Village hereby joins Defendant Pasquale in his urging that this Court decline to retain jurisdiction over Plaintiffs' state law claims should their federal claims be dismissed, as set forth in greater detail in his Memorandum of Law, p. 15. As this case is in its initial stages and relatively little judicial resources have been expended there exist no unique circumstances here which would warrant this Court to retain jurisdiction over the state law claims should the federal claims be dismissed.

**<u>CONCLUSION</u>**

Based on the foregoing, the only federal claim which Plaintiffs could have against the Village of Bellwood under § 1983 is a *Monell* claim alleging a policy or practice. Plaintiffs' purported *Monell* claim against the Village should be dismissed for failure to state a claim because based on the Complaint, there is no plausible claim that a policy or practice existed, and that said policy or practice resulted in a constitutional violation. Additionally, the Village adopts and incorporates the arguments set forth in Defendant Frank Pasquale's Memorandum in support of his Motion to

Dismiss. Finally, if Plaintiffs' federal claims are dismissed, the Village joins Defendant Pasquale in urging this Court to decline to extend supplemental jurisdiction over the Plaintiffs' state law claims.

WHEREFORE, the Defendant Village of Bellwood respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiffs' federal and state law claims against Defendant, and for such further relief as this Court deems just and equitable.

Dated: June 23, 2008						Respectfully submitted,
								**VILLAGE OF BELLWOOD**


								By:   s/ Silvia Mercado Masters
								      One of its Attorneys

John J. Rock
James B. Novy
Silvia Mercado Masters
ROCK FUSCO, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60610
(312) 494-1000

**CERTIFICATE OF SERVICE**

I, Silvia Mercado Masters, one of the attorneys for the Village of Bellwood, hereby state that I caused a copy of the **Memorandum of Law in Support of Defendant Village of Bellwood's Motion to Dismiss**, attached hereto, to be served upon:

Gregory A. McCormick
Garfield & Merel, Ltd.
223 W. Jackson Blvd., Suite 1010
Chicago, Illinois 60606

Charles Hervas
Michael Bersani
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156

Michael Latz
Ancel, Glink, Diamond, Bush, Dicianni & Krafthefer, P.C
140 S. Dearborn Street, Sixth Floor
Chicago, Illinois 60603

Paul O'Grady
Daniel Gallagher
Querry & Harrow
175 West Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827

via E-FILING on Monday, June 23, 2008.

s/ Silvia Mercado Masters
Silvia Mercado Masters