IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD SCARLATO, et al.,           )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )      No.  08 C 546
                                   )
VILLAGE OF BELLWOOD, ILLINOIS,     )
et al.,                            )
                                   )
               Defendants.         )

MEMORANDUM ORDER
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

This Court's sua sponte January 28, 2008 memorandum order began with a capsule description of this lawsuit:

> This newly-filed action assigned to this Court's calendar is extraordinarily lengthy--its Complaint comprises nine counts occupying 102 paragraphs sprawling across 29 pages. All but two counts assert state law claims, with the only exceptions being Count I (which invokes 42 U.S.C. §1983) and Count V (which purports to call into play Section 1985(3)).

Earlier this week this Court was tendered no fewer than three motions to dismiss and supporting memoranda that had been filed on June 23--one by Bellwood Mayor Frank Pasquale ("Pasquale"), one by Bellwood Comptroller Roy McCampbell and one by the Village of Bellwood itself. In principal part, though not entirely, the latter two motions adopted the arguments made by Pasquale's counsel. All three motions were noticed up for presentment this morning, June 26.

As it always does in preparation for matters noticed for presentment on its motion call, this Court promptly engaged in the preparation needed to address the motions to dismiss. In

this instance that preparation was extensive, involving (1) another review of the Complaint, this time with a particular focus on its remaining federal-question claim (advanced in Count I under the auspices of 42 U.S.C. §1983 and (2) the reading of a host of cases, both cited and not cited by the movants.[1] Because this Court no longer charges for its services it had no occasion to maintain time records covering its research and preparation, but those efforts certainly entailed the expenditure of a substantial number of hours.

When the case was called at the end of this morning's motion call, this Court followed the several lawyers' self-identification with an invitation for them to be seated while this Court outlined its views (including a discussion of the relevant cases) to set the stage for plaintiffs' counsel Brian Curry ("Curry") to respond.  But when it had completed that presentation, Curry blithely announced that he had filed a Fed. R. Civ. P. 41(a) voluntary dismissal of the action--and when this Court inquired when that took place, the response was "June 23" (the same date that the motions to dismiss had been filed!!).  In response to this Court's next inquiry as to why no copy of that dismissal had been delivered to this Court's chambers, Curry

---

[1] Among those cases, no fewer than seven of them generated some preparatory notes for this Court's anticipated oral review of the issues and authorities needed to elicit the views of plaintiffs' counsel at the time of presentment.

provided the nonresponse that the dismissal had been filed electronically.

That failure of delivery on counsel's part is a flat-out violation of this District Court's LR 5.2(e), which expressly requires that a paper copy be delivered to chambers within one business day after the electronic filing. Indeed, if counsel had troubled himself to read this Court's website he would have found this directive in boldface type as the first item on the website:

> As stated below, ALL electronic filings must include a courtesy hard copy to the chambers of Judge Shadur and such delivery should be made on the date of filing if at all feasible.[2]

As reflected in that directive, the hard copy delivery requirement has been described as calling for a "courtesy copy" to be provided to the judge assigned to the case. But this action is a poster child that illustrates that more than courtesy is involved. How is this Court expected to divine that a filing has taken place in the absence of delivery?[3] And in candor, it was particularly offensive on the part of plaintiffs' counsel not to voice a syllable of regret, let alone an apology, at the needless work that his omission had inflicted.

As stated earlier, this Court no longer commands an hourly

---

[2] As that caveat indicates, the website later includes a more expansive explanation of the LR 5.2(e) requirement.

[3] It is neither feasible nor fair to expect this Court or its able staff to monitor, on a daily basis, everything that may be filed in cases assigned to its calendar.

rate for its time. Plaintiffs' counsel is ordered to appear at 9:15 a.m. on July 2, 2008 to provide information as to his own hourly rate and to discuss the appropriate sanction for his violation of the court rule referred to earlier.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 26, 2008